# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARMEN AUSTELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23cv871 HEA |
| ) | |
| WASHINGTON UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 8], and Plaintiff's "Motion Objection to Defendant/Respondent Request from State Court to Federal Court," which the Court construes as a motion to remand, [Doc. No. 11]. For the reasons set forth below, the Motion to Dismiss will be granted in part. Plaintiff's state law claims will be remanded to the Circuit Court.

### Facts and Background

Plaintiff filed a Petition in the Circuit Court for the City of St. Louis, Missouri against Defendant on April 11, 2023. Defendant removed the matter on July 11, 2023 based on the Court's federal question jurisdiction, 28 U.S.C. §§ 1331 and 1441(a).

Plaintiff's pro se petition sets out that the action is brought against Defendant based on alleged violations of Title VII of the Civil Rights Act. Plaintiff also alleges state law claims based on "tort and actions for damages Missouri Title XXXVI, Mo Rule Civil Procedures Revised Statues [sic] Chapter 537."

Plaintiff claims she was a student at the Defendant university from April 2011 through May 2013, and during that time, she suffered "severe, extreme, pervasive, brutal, egregious, outrageous, unreasonable to any reasonable human being and member of any society Tort Racism, abuse, discrimination, harassment, bullying, embarrassment, ostracization, isolation, libel, slander, misconduct, threats, discrimination in public accommodations, advantages, and privileges, emotional distress duress, pain and suffering damages, from Washington University…"

## Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quoting *Iqbal,* 556 U.S. at 678). Courts liberally construe a

2

pro se complaint, which "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Defendant argues Plaintiff's Title VII race and other claims should be dismissed because Plaintiff essentially failed to exhaust her administrative remedies and now, they are time barred. The Court agrees.

Prior to bringing suit under Title VII, a plaintiff must first file a charge of discrimination with the EEOC. *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019). After a charge is filed, the plaintiff must obtain a right-to-sue letter from the EEOC before bringing Title VII claims in federal court. See *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Receipt of a Right-to-Sue letter is a "condition precedent" to filing a discrimination suit. "Allegations outside the scope of the EEOC charge circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000) (citation omitted).

Missouri has a "work sharing" agreement with the EEOC; thus, a plaintiff in Missouri must file a charge with the EEOC within 300 days after the allegedly discriminatory act occurred. *Owens v. Ramsey Corp.*, 656 F.2d 340, 342 (8th Cir. 1981). Plaintiff purports to bring claims pursuant to Title VII, and state law claims, but does not set out that she filed a charge of discrimination with the EEOC within

3

300 days from the alleged discrimination. The 300-day limit for filing a charge with the EEOC is treated as a statute of limitations. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The time begins to run on the statute of limitations when "the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). As such, Plaintiff's claims pursuant to Title VII are time barred.

Although Defendant moves the Court to accept supplemental jurisdiction over Plaintiff's state law claims, the Court declines the invitation and will remand Plaintiff's state law claims to the Circuit Court for the City of St. Lous, Missouri. 28 U.S.C. § 1367(3).

## Conclusion

Based upon the foregoing analysis, Defendant's Motion to Dismiss Plaintiff's Title VII claim is time barred and is therefore dismissed, Plaintiff's state law claims will be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss, [Doc. No. 8] is granted, in part. Plaintiff's Title VII claim is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are remanded

4

to the Circuit Court for the City of St. Louis, Missouri.

Dated this 8th day of March 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE